UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA M. ROMERO AND JOSE A. ROMERO,<br>    Plaintiffs/Counter-Defendants<br><br>v.<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, In Its Individual Capacity and as Owner Trustee for RCF2 Acquisition Trust,<br>    Defendant/Counter-Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:24-cv-1175-S-BW |

## MEMORANDUM OPINION AND ORDER

Now before the court is Defendants/Counter-Plaintiffs U.S. Bank Trust National Association and U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For RCF 2 Acquisition Trust's (collectively "U.S. Bank") motion to strike Plaintiffs and Counter-Defendants Ana M. Romero and Jose A. Romero's (collectively, "the Romeros's") jury demand (Dkt. No. 21), filed on October 6, 2024. (Dkt. No. 26.) The Romeros filed a response. (Dkt. No. 31.) Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-354, this case is referred to the undersigned United States magistrate judge for pretrial management, which includes making findings and a recommended disposition when appropriate. (*See* Dkt. No. 18.)

Upon review of the briefing and the applicable law, the Court **GRANTS** the motion (Dkt. No. 26) and **STRIKES** the Romeros' jury demand (Dkt. No. 21).

# I. BACKGROUND

On April 19, 2024, the Romeros sued U.S. Bank in the 14th Judicial District Court of Dallas County, Texas, case DC-24-05809, challenging U.S. Bank's authority to foreclose on the property at 524 Erikson Trail, Irving, Texas 75060 (the "Property"). (*See* Dkt. No. 1-2. ("Compl.").) The Romeros allege that Community National Title, LLC ("CNAT") received a payoff quote from Bank of America "calculat[ing] the sum needed to pay off all indebtedness to be $58,819.55, and it is the only payoff quote that Bank of America ever issued in response to CNAT's request for a complete payoff amount for the [l]oan." (*See id.* at ¶ 9.) CNAT allegedly paid off the loan, and U.S. Bank is improperly seeking to foreclose on the property. (*See id.* at ¶¶ 9-24.) The Romeros seek (1) quiet title relief, (2) a judgment declaring U.S. Bank does not have the right to foreclose, (3) attorneys' fees, and (4) costs. (*See id.* at ¶¶ 15-26 & prayer paragraph ("prayer")).

On May 17, 2024, U.S. Bank removed to this Court on the basis of diversity jurisdiction because the parties are diverse and the amount in controversy, measured by the value of the Property, exceeds $75,000. (*See* Dkt. No 1 at ¶ 7 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).)

On July 31, 2024, U.S. Bank filed a counterclaim against the Romeros, wherein it alleged additional facts related to the Property and the loan at issue. (Dkt. No. 17.) Specifically, U.S. Bank asserts that on August 30, 2018, Harrison Major took out a home equity loan from Bank of America, N.A. with a credit limit up to $94,450.00 (the "Loan"), which was secured by the Property and ultimately assigned

to U.S. Bank. (*Id.* at ¶ 3, 6.) Major passed away on or about November 9, 2020, and through a series of transfers, the Romeros became the owners of the Property on March 29, 2022. (*Id.* at ¶ 13-14.) U.S. Bank asserts that the Loan is due for the December 5, 2020 payment and each subsequent payment. (*Id.* at ¶ 15.) U.S. Bank seeks a final judgment allowing U.S. Bank to conduct a non-judicial foreclosure sale of the Property under Texas Property Code § 51.002, because the loan on the property is in default; the default has not been cured; and the loan has been accelerated due to the default. (*See* Dkt. No. 17 at ¶ 20.) The Romeros filed an answer to U.S. Bank's' counterclaim on August 28, 2024. (Dkt. No. 19.) U.S. Bank filed an amended answer and affirmative defenses on September 18, 2024. (Dkt. No. 20.)

On October 29, 2024, the Romeros filed a demand for jury trial (Dkt. No. 21), after which U.S. Bank filed a motion to strike (Dkt. No. 26) and a brief in support (Dkt. No. 27). U.S. Bank asserts that because U.S. Bank seeks to enforce its lien and the Romeros seek to prevent it, both claims that are equitable in nature and the Romeros are not entitled to a jury trial. (*See* Dkt. No. 27 at 6-9.) The Romeros argue in response that because both the Romeros' and U.S. Bank's current pleadings make affirmative claims for damages, they are guaranteed a right to a trial by jury. (Dkt. No. 31 at ¶ 6.)

## II.  LEGAL STANDARDS

Federal civil juries are available when expressly provided by federal statute or required under the Seventh Amendment to the United States Constitution. Fed. R.

3

Civ. P. 38(a). The Seventh Amendment states, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." Suits at common law refers to those actions "in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Solugen Inc. v. M3 Chem. Grp. LLC*, 529 F. Supp. 3d 685, 688 (S.D. Tex. 2021) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (internal citations omitted)).

To determine whether a particular action will resolve equitable or legal rights, a court must examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990) (citing *Tull v. United States*, 481 U.S. 412, 417-18 (1987). The second inquiry is the more important one. *Id*. (citing *Granfinanciera*, 492 U.S. at 42).

### III.  ANALYSIS

There is no dispute that the subject matter of this lawsuit is title to real estate, which would have been characterized as a claim in equity in the 18th-century courts of England. *See Granfinanciera*, 492 U.S. at 44 (internal citation omitted). Furthermore, the nature of the remedy sought by both parties is fundamentally

4

equitable in nature. The Romeros seek quiet title and a declaratory judgment that U.S. Bank does not have the right to foreclose on the Property. (*See* Compl. ¶¶ 15-26 & prayer). U.S. Bank seeks a declaratory judgment that it is entitled to conduct a foreclosure sale of the Property because the Loan is default. (*See* Dkt. No. 17 ¶ 20.)

As noted previously, the Romeros argue in their response to U.S. Bank's motion to strike that, because both the Romeros and U.S. Bank seek "damages" in addition to seeking equitable relief, they are entitled to a trial by jury. (Dkt. No. 31 at ¶ 6.) The only damages sought, however, are attorneys' fees and costs. (*See* Compl. ¶¶ 15-26 & prayer; Dkt. No. 20 at prayer.) Furthermore, the Romeros argue that because both parties pray for "such further relief to which it [or they] may be entitled" (*see id.*), this "avoids affirmatively relinquishing the right to seek damages, preserving the right to a trial by jury." (*See* Dkt. No. 31 (citing *Shields of Strength v. U.S. Dep't of Def.*, No. 6:21-CV-00484, 2024 WL 3581976, at *2 (E.D. Tex. July 30, 2024).)

As an initial matter, neither party's briefing supplies authority that is particularly illuminating on the specific question at issue here—whether a request for attorneys' fees and costs converts an otherwise purely equitable claim into a legal claim entitling a claimant to a jury trial. And while the Romeros criticize U.S. Bank for citing to "cases [that] are not binding on this Court," the cases cited by the Romeros, while precedential on the general issue of entitlement to a jury trial, are not particularly elucidating on the specific issue noted above. (*See* Dkt. No. 31 at 4.)

5

In addition, the Court's own research reveals few cases directly on point with respect to the type of equitable claims at issue here—quiet title relief and declaratory relief to enforce or prevent an attempted foreclosure action. The Court finds instructive guidance, however, in cases addressing attorneys' fees and costs in the context of other equitable claims. For example, this Court found no right to a jury trial in a Lanham Act claim seeking only injunctive relief, explaining that "the nature of the remedy sought compels the conclusion that it is not fundamentally compensatory or legal in nature, and therefore Plaintiff has no right to a jury trial here." *Sanijet Corp. v. Jacuzzi Inc.*, No. 3:01-CV-0897-P, 2002 WL 1398546, at *2 (N.D. Tex. Feb. 14, 2002). The Court also found that a request for attorneys' fees was similarly equitable in nature, "to be decided by the court and not by a jury." *See id*. (citing *Ringling Bros.-Barnum & Bailey Combines Shows, Inc. v. Utah Div. Travel. Dev.*, 955 F. Supp. 598, 605 (E.D.Va.1997) ("The availability of a costs remedy, by itself, provides no basis for a constitutional jury trial right. Costs are merely incidental to and intertwined with other available remedies. Thus, where the other available remedies are wholly equitable, costs are also an equitable remedy.")); *see also Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir. 1994) (explaining that although an action for monetary damages is generally legal, not equitable, in nature, a claim that is intertwined with claims for injunctive relief does not guarantee a jury trial) (citing *Terry*, 494 U.S. at 570-71). Such is the case here. Any claims asserted to recover attorneys' fees and costs, as well as any other damages-type remedy the Romeros claim entitle them to a jury trial, are intertwined with the equitable claims related to

6

the Property. Accordingly, the Court concludes that the Romeros are not entitled to a jury trial on this basis.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** U.S. Bank's motion to strike the Romeros' Jury Demand (Dkt. No. 26) and **STRIKES** the Romeros' demand for a jury trial (Dkt. No. 21).

**SO ORDERED** on November 13, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE